CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 22 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MARIA DEL PILAR POSE BEIRO, | ) | |
| | ) | Civil Action No. 3:18CV00069 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| CFA INSTITUTE, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Maria Del Pilar Pose Beiro, proceeding pro se, commenced this action by filing a form complaint against the CFA Institute. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the court concludes that the case must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

## Background

The plaintiff resides in London, England. In August of 2016, she paid to take an exam offered through the CFA Institute in Charlottesville, Virginia. The plaintiff completed the exam in June of 2017. She did not receive a passing score.

The plaintiff alleges that during a subsequent telephone conversation, the CFA agreed to "retabulate [her] exam to a regrade." Compl. Ex. 1, Docket No. 2-1. However, "this was not done," and the plaintiff ultimately filed suit against the CFA in the General District Court for the City of Charlottesville. Id.; see also Compl. Ex. 2, Docket No. 2-2. Following the filing of the state court action, the plaintiff signed a settlement agreement with the CFA, pursuant to which it "promised to retabulate" the plaintiff's exam. Compl. Ex. 1; see also Compl. Ex. 2 (offering "a

no-fee retabulation of [the plaintiff's] answer sheet"). According to the plaintiff, however, the CFA "did not carry out the promised retabulation." Compl. Ex. 1.

On August 20, 2018, the plaintiff filed the instant action asserting a claim for breach of contract against the CFA. Compl. at 4. The plaintiff does not seek a particular amount of damages. Instead, she indicates that she is "mainly ... seeking a retabulation and a regrade." Id.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Consequently, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Instead, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." Id.

Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. In this case, the plaintiff does not allege any violation of federal law that might support the exercise of jurisdiction under § 1331, and the court is unable to discern any possible violation of federal law based upon the allegations contained in the complaint. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Instead, the plaintiff seemingly seeks to invoke the court's diversity jurisdiction.

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding "the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "The amount in controversy is normally determined from the face of the pleadings." Hoffman v. Vulcan Materials Co., 19 F. Supp. 2d 475, 478 (M.D.N.C. 1998) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90, 293 (1938)). The "party seeking to invoke the jurisdiction of the court bears the burden of pleading facts sufficient to show that the amount in controversy has been satisfied." Cole v. Long John Silver's Rests., Inc., 388 F. Supp. 2d 644, 651 (D.S.C. 2005) (citing Schlesinger v. Councilman, 420 U.S. 738, 744 n.9 (1975)).

In this case, the plaintiff does not seek to recover a particular amount of damages. Instead, she indicates that she is "mainly . . . seeking a retabulation" of her answer sheet and a "regrade" of her exam. Compl. at 2. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). Because the plaintiff does not assert that the value of the object sought exceeds $75,000, much less offer any factual allegations to support such assertion, the court concludes that the case must be dismissed for lack of subject

3

matter jurisdiction. See Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case, . . . it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the citizenship of the parties and the amount in controversy.").

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, her complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 22nd day of August, 2018.

_____
Senior United States District Judge